**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JEREMY LEE MOODY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 5:26-cv-00012-MTT-CHW** |
| **WARDEN SHAWN EMMONS,** | : | |
| *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## <u>ORDER</u>

Plaintiff Jeremy Lee Moody, a prisoner in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He has also moved for leave to proceed in this action *in forma pauperis* ("IFP") and appointment of counsel. ECF Nos. 2 & 3. As discussed below, Plaintiff's motion for leave to proceed IFP is **GRANTED,** and his motion to appoint counsel is **DENIED**. On preliminary review, Plaintiff is **ORDERED** to recast his complaint if he wants to proceed with this action.

### MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 3. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

Even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's

custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTION TO APPOINT COUNSEL

Plaintiff moves for appointment of counsel. ECF No. 2. In the motion, he states that he is unable to afford counsel; his imprisonment will limit his ability to litigate the issues, which are complex and will require significant research and investigation; and counsel would be better able to present evidence and cross-examine witnesses at trial. *Id*. at 1. As explained below, Plaintiff's motion is denied.

A district court "may request an attorney to represent any person unable to afford counsel."[1]   28 U.S.C. § 1915(e)(1).   There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.   *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (citations omitted).   Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."   *Id.* (citations omitted).   In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."   The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case.   *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified.   Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court.   Plaintiff's case is not complex. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses.   Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary.   *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 2) is **DENIED**.   Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **<u>on its own motion</u>**, will consider assisting him in securing legal counsel at that time.   Consequently, there is no need for Plaintiff to file additional requests for counsel.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.      <u>Standard of Review</u>

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.   28 U.S.C. § 1915A(a).   Courts must also screen complaints filed by a plaintiff proceeding IFP.   28 U.S.C. § 1915(e).   Both statutes apply in this case, and the standard of review is

the same.   "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."  *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).   On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id*. (citations omitted).   A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.  *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id*. at 556.   "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.      Factual Allegations

In his complaint, Plaintiff asserts that, on December 19, 2023, he was in a mental health security cell in the medical unit of the Georgia Diagnostic and Classification Prison. ECF No. 1-2 at 6. It was a strip cell with a single mat, and while in it, Plaintiff was on camera at all times. *Id.*

Plaintiff alleges that he had a seizure and that when he woke up, no medical staff or security officers had been to his cell. *Id.* Plaintiff does not know how long he was lying on the floor before he woke up, but when he did, he had vomit and stool on him. *Id.* Once he was able to move, Plaintiff crawled over to try to get a nurse or an officer, but at first,

7

no one was there. *Id.* Plaintiff then saw Captain Kelley and told him what had happened, seeking to get a shower or a clean gown. *Id.* Captain Kelley would not get a nurse or help Plaintiff in any way, and Plaintiff was left in that condition for two days before he got a shower or clean gown. *Id.* In the meantime, Plaintiff also saw Warden S. King, who denied his request for medical attention. *Id.*

After getting cleaned up and returning to his cell, Plaintiff's medication was stopped. *Id.* The pill call nurse told Plaintiff that they were stopped because of the seizure. *Id.* Plaintiff says that he later learned that "staff" watched him have a seizure but did nothing to help him. *Id.*

III.    Plaintiff's Claims

Plaintiff appears to be attempting to state claims for deliberate indifference to his serious medical needs. To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege facts showing "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted).

Plaintiff has arguably alleged a serious medical need insofar as he says that he had a seizure. Plaintiff also appears to be asserting that he had a condition that required him to take pills, but he does not explain what the pills were for. With regard to whether the defendants were deliberately indifferent to any of Plaintiff's needs, his allegations are vague. In particular, Plaintiff says that he later learned that "staff" watched him have a

8

seizure and failed to help him. He does not allege facts, however, as to which staff members watched him, what they saw, or what they knew was happening when they watched him. Thus, the Court cannot discern which, if any, of the named defendants were deliberately indifferent to Plaintiff's medical condition. Similarly, Plaintiff asserts that his pills were stopped, but he does not allege any facts regarding why he was taking the pills or what effects resulted from stopping them.

Additionally, the complaint may be construed to allege Eighth Amendment claims based on the failure to provide him medical care or to allow him to clean himself after the seizure. Plaintiff provides only minimal allegations, however, as to what the defendants knew about Plaintiff's condition in that time. Plaintiff alleges that Captain Kelley and Warden S. King did not get him help, but he does not provide any further information about what happened with these defendants. Thus, it is not clear whether the failure to assist him after the seizure rose to the level of a constitutional violation.

Moreover, it is not entirely clear what defendants Plaintiff intended to include in this action. Plaintiff initially submitted an unsigned complaint form that named a Dr. Fowler in the caption, but it did not mention Dr. Fowler in the body of the complaint, and Dr. Fowler was not named in the subsequent signed complaint. Also, in the signed complaint, Plaintiff mentioned Rovina Billingslea in the caption and statement of facts but not in the list of defendants elsewhere in the complaint. And Plaintiff asserts facts regarding Warden S. King in the statement of facts but does not include this person in the caption or list of defendants.

9

Therefore, if he wants to proceed with this action, Plaintiff must recast his complaint to provide the Court with additional information regarding the claims he wants to bring and the individuals he wants to include as defendants.   To that end, Plaintiff is **ORDERED** to recast his complaint consistent with the instructions in this order.

When drafting his recast complaint, Plaintiff must write legibly.   Plaintiff must list each Defendant in the heading of his complaint.   In the body of his complaint, Plaintiff must again list each defendant by name and tell the Court exactly how and when that Defendant allegedly violated Plaintiff's constitutional or federal statutory rights. Plaintiff's complaint should be no longer than ten (10) pages.   Plaintiff may not attach any exhibits, declarations, or other attachments to the complaint.

Plaintiff is hereby notified that only one operating complaint is permissible, and his recast complaint will supersede and take the place of his original complaint.   *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted).   Thus, the Court will not refer to any previous complaints or filings to determine if Plaintiff has stated a claim, and Plaintiff must include all relevant factual information necessary for the Court to evaluate his claims in the recast complaint.

In recasting his complaint, it is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)     *What* did this defendant do (or not do) to violate your rights?   In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?   Is he a supervisory official? Was the defendant personally involved in the constitutional violation?   If not, did his actions otherwise cause the unconstitutional action?   How do you know?

(2)     *When* and *where* did each action occur (to the extent memory allows)?

(3)     *How* were you injured as a result of this defendant's actions or decisions?   If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)     *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)     *What* did this defendant do (or not do) in response to this knowledge?

(6)     *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.

## CONCLUSION

As set forth above, Plaintiff has not stated a claim for relief.   Nevertheless, he will be given an opportunity to file a recast complaint.   Therefore, Plaintiff is now **ORDERED** to file a recast complaint consistent with this order if he wants to proceed with this case. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint.   Plaintiff's failure to fully and timely comply with this order may result in the

dismissal of this case.

The clerk is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form along with his service copy of this order (with the civil action number showing on both).   There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 9th day of June, 2026.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge