**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**JEREMY LEE MOODY,**

**Plaintiff,**

**V.**

**WARDEN SHAWN EMMONS, *et al.*,**

**Defendants.**

**NO. 5:26-cv-00012-MTT-CHW**

**ORDER & RECOMMENDATION**

Plaintiff Jeremy Lee Moody, a prisoner in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He also moved for leave to proceed in this action *in forma pauperis* ("IFP") and appointment of counsel. ECF Nos. 2 & 3. Thereafter, Plaintiff's motion for leave to proceed IFP was granted, and his motion to appoint counsel was denied. ECF No. 6 at 1-5. Additionally, because Plaintiff's complaint did not state a claim for relief, he was ordered to recast his complaint if he wanted to proceed with this action. *Id.* at 8-10.

Plaintiff has now filed a recast complaint, which is ripe for preliminary review. ECF No. 7. On that review, it is **RECOMMENDED** that Plaintiff's deliberate indifference to serious medical needs claim as to all Defendants and any claims against Deputy Warden Mark Agbaosi be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff, however will be permitted to proceed for further factual development on his conditions of confinement claim against Defendants Warden Shawn

Emmons, Captain Stephen Kelly, Unit Manager George Ball, Lieutenant M. Boyd, and Nurse Rovina Billingslea.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I. Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of

[prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. Factual Allegations

In his recast complaint, Plaintiff asserts that, on December 19, 2023, he was in a mental health security cell in the medical unit of the Georgia Diagnostic and Classification Prison. ECF No. 7 at 5. It was a strip cell with a small shower and a single mat, and while in it, Plaintiff was wearing a canvas smock. *Id.* The cell was extremely bright, and Plaintiff began to feel like he was going to have a seizure. *Id.*

According to Plaintiff, he tasted iron in his mouth before passing out. *Id.* When he woke up, Plaintiff had urinated, defecated, and vomited on himself, and he was too weak to move. *Id.* He heard Lieutenant Boyd, Unit Manager Ball, and Captain Kelly's voices in the hall outside his cell talking about his seizure. *Id.* Plaintiff asserts that he heard Boyd say that he would not go into Plaintiff's cell because Plaintiff was in the mental health unit for assaulting another inmate. *Id.* Additionally, he heard Ball make a comment about how Plaintiff smelled and Kelly say something about getting members of the tactical squad to go into the cell. *Id.*

After Plaintiff heard the officers in the hall, no one came to help Plaintiff. *Id.* Once he had more energy, Plaintiff banged on the door, but still no one came. *Id.* Kelly came to Plaintiff's door "[h]ours later," but when Plaintiff asked him for treatment and to clean up, Kelly refused to help him. *Id.* After Kelly left, Plaintiff banged on the door again and Nurse Billingslea came to the door. *Id.* Plaintiff asked her for his blood pressure, depression, and anti-seizure medications, but she said that she could not give them to him because of his seizure. *Id.* Plaintiff remained in the cell "without help,

unable to clean [himself] for what felt like days." *Id.* Because the cell did not have a clock or a window, Plaintiff could not be certain about how long he was in the cell. *Id.*

Plaintiff asserts that he later learned that Dr. Fowler had told Billingslea not to give Plaintiff his medication. *Id.* He also contends that he "learned that Warden Emmons knew what happened and told staff not to assist [Plaintiff]." *Id.* Plaintiff names Captain Stephen Kelly, Deputy Warden Mark Agbaosi, Lieutenant M. Boyd, Unit Manager George Ball, Nurse Rovina Billingslea, and Warden Shawn Emmons as defendants in his recast complaint.

III. Plaintiff's Claims

A. Deliberate Indifference to Serious Medical Needs

To the extent that he is attempting to assert a claim for deliberate indifference to his serious medical needs, Plaintiff has not stated a claim for relief. To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). The first prong is objective, and

> a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. . . . In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm.

*Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks and citations omitted).

For the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (first citing *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); and then quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (citing *Farmer*, 511 U.S. at 837).

Liability cannot be based on simple negligence or medical malpractice, but rather on some sort of conscious disregard for a serious and imminent risk. *Farmer*, 511 U.S. at 834; *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (explaining that mere allegations of negligence or malpractice do not amount to deliberate indifference). "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" will not support a claim for deliberate indifference. *Harris*, 941 F.2d at 1505 (citation omitted). A plaintiff must allege that the defendant's response to an objectively serious medical need "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable

under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (citations omitted); *see Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

In this case Plaintiff has alleged a serious medical need, insofar as he says that he had a seizure. His allegations do not show, however, that any of the Defendents knew Plaintiff was at risk of having a seizure in the cell and disregarded such risk. Thus, he has not stated a claim for deliberate indifference with regard to having had the seizure.

Plaintiff also asserts that, following the seizure, Nurse Billingslea denied him medication for certain conditions. Assuming that Plaintiff had a serious medical need for his medication, Plaintiff's allegations do not show that Nurse Billingslea was deliberately indifferent to such need. Instead, according to Plaintiff's allegations, Nurse Billingslea declined to give Plaintiff his medications at the direction of Dr. Fowler due to Plaintiff having had a seizure.

Plaintiff does not allege facts to show that the denial of the medication at that time was not medically warranted, that it created a risk of harm to Plaintiff, or that Plaintiff was injured by the denial of the medication. More particularly, Plaintiff's allegations do not show that Nurse Billingslea or any other defendant was aware of any risk of harm to Plaintiff based on withholding his medication and deliberately disregarded that risk.[1]

---

[1]Plaintiff has not named Dr. Fowler as a defendant in his recast complaint, *see* ECF No. 7 at 1, 4, but even if he had, his allegations do not state a claim against Dr. Fowler because they do not show that Dr. Fowler's decision to withhold Plaintiff's medication put Plaintiff at risk of harm or that Plaintiff was harmed by the failure to receive his medication.

Thus, Plaintiff has not stated a deliberate indifference claim with respect to the denial of his medication.

Likewise, Plaintiff has not alleged facts to show that he had any other serious medical need or that any defendant was deliberately indifferent to any such serious medical need. It is therefore **RECOMMENDED** that Plaintiff's claim for deliberate indifference to a serious medical need be **DISMISSED WITHOUT PREJUDICE** as to all Defendants for failure to state a claim.

B. Conditions of Confinement

Plaintiff's allegations in the recast complaint also implicate a potential Eighth Amendment claim based on the failure to allow him to clean himself after the seizure. The Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S 337, 349 (1981), but it also does not permit inhumane conditions, and it is settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Officials must provide humane conditions of confinement; "ensure that inmates receive adequate food, clothing, shelter, and medical care;" and "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

---

Additionally, in response to the question about witnesses, Plaintiff also asserts that Kelly and Emmons knew that Plaintiff was not getting his pills. *Id.* at 6. To the extent that he may have intended to include them as defendants to this claim, Plaintiff also has not stated a claim for relief insofar as his allegations do not demonstrate that either of these defendants deliberately disregarded a risk of harm to Plaintiff.

(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This includes not confining inmates "in conditions lacking basic sanitation." *Chandler v. Baird*, 926 F.2d 1057, 1065-66 (11th Cir. 1991).

Accepting Plaintiff's allegations as true and construing them in his favor, Plaintiff alleges that he was left in his cell covered in urine, feces, and vomit after he had a seizure. Although it is not clear exactly how long Plaintiff was left in this condition, he alleges that it "felt like days." Plaintiff also alleges facts to show that Defendants Warden Shawn Emmons, Captain Stephen Kelly, Unit Manager George Ball, Lieutenant M. Boyd, and Nurse Rovina Billingslea were all aware of the condition that Plaintiff was in and failed to allow him to clean himself. Thus, Plaintiff will be permitted to proceed for further factual development on his conditions of confinement claim against Defendants Warden Emmons, Captain Kelly, Unit Manager Ball, Lieutenant Boyd, and Nurse Billingslea.

C. Deputy Warden Agbaosi

Finally, Plaintiff also names Deputy Warden Mark Agbaosi as a defendant in the complaint, but he does not allege any facts to show that Agbaosi was aware of Plaintiff's situation or that he was involved in any way. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). As Plaintiff has not connected this defendant to his claims in any way, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as to Deputy Warden Agbaosi.

V. Conclusion

Thus, as set forth above, it is **RECOMMENDED** that Plaintiff's deliberate indifference to serious medical needs claim as to all Defendants and any claims against Deputy Warden Mark Agbaosi be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff, however will be permitted to proceed for further factual development on his conditions of confinement claim against Defendants Warden Shawn Emmons, Captain Stephen Kelly, Unit Manager George Ball, Lieutenant M. Boyd, and Nurse Rovina Billingslea.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the District Judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants **WARDEN SHAWN EMMONS, CAPTAIN STEPHEN KELLY, UNIT MANAGER GEORGE BALL, LIEUTENANT M. BOYD, and NURSE ROVINA BILLINGSLEA**, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendants comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff

Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 30th day of July, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for the Defendants shall confer with the Defendants and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1) State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2) If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(3) State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(4) If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged. If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5) Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint. Failure to do so may result in the imposition of sanctions.